# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

No. 12-51304
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMELINDO VALDEZ-VALDEZ, also known as Hernelindo V. Valdez, also known as Hermelindo Valdez Valdez,

Defendant-Appellant

Cons. w/ No. 12-51305

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMELINDO VALDEZ-VALDEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-122-1
USDC No. 2:12-CR-1097-1

No. 12-51304
c/w No. 12-51305

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hermelindo Valdez-Valdez pleaded guilty to attempting to illegally reenter the United States following prior removal. The district court sentenced him to a within-guidelines sentence of 27 months of imprisonment and three years of supervised release. In a related case, the district court revoked Valdez-Valdez's term of supervised release arising from a prior conviction for illegal reentry and sentenced him to a consecutive sentence of 12 months of imprisonment with no further term of supervised release. Valdez-Valdez timely filed notices of appeal from both judgments, and the cases were consolidated on appeal.

Valdez-Valdez asserts that the 27-month sentence imposed for his illegal-reentry conviction was substantively unreasonable. He argues that his sentence was greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) because the district court did not appropriately account for a number of mitigating factors, including, inter alia, the nonviolent nature of his illegal-reentry offense, his lack of serious criminal history in the years preceding the instant offense, and his prior substance abuse. Valdez-Valdez also contends that the Guideline utilized in this case, U.S.S.G. § 2L1.2, effectively causes a defendant to be punished twice for his prior criminal conduct and that the application of § 2L1.2 in this case produced a sentencing range that overstated the seriousness of his illegal-reentry offense, which, in effect, was tantamount to "international trespass."

Valdez-Valdez makes no argument that the district court committed any procedural error regarding his sentence. Thus, our review is confined to whether the sentence was substantively unreasonable. *See Gall v. United States*, 552

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 38, 51 (2007). Valdez-Valdez did not adequately object in the district court to the reasonableness of his sentence, and, therefore, our review is for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

Valdez-Valdez has not shown error, plain or otherwise. The record reflects that the district court's sentencing decision was based upon an individualized assessment of the facts in light of the § 3553(a) factors. *See Gall*, 552 U.S. at 49-51. The district court's determination of the proper sentence is entitled to deference, and we may not reweigh the § 3553(a) factors or reverse a sentence even if we might reasonably conclude that a different sentence is appropriate. *Id.* at 51-52. Valdez-Valdez's mitigation arguments are insufficient to rebut the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011)*; United States v. McElwee*, 646 F.3d 328, 346-47 (5th Cir. 2011)*; United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, we have rejected his arguments that his sentence was unreasonable because § 2L1.2 effectively double counts a defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Accordingly, the judgment in Case No. 12-51305 is AFFIRMED.

Valdez-Valdez also challenges the substantive reasonableness of the 12-month sentence imposed following the revocation of his supervised release. He argues that the sentence was greater than necessary to satisfy the § 3553(a) sentencing factors because it overstated his likelihood of recidivism and his risk of danger to the community and failed to account sufficiently for the same factors that were allegedly disregarded in imposing his sentence for his illegal-reentry offense.

We review preserved challenges to revocation sentences under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because Valdez-Valdez failed to object sufficiently in the district court to the reasonableness of his revocation sentence, our review is for

No. 12-51304
c/w No. 12-51305

plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Valdez-Valdez has not shown error, plain or otherwise, with regard to his revocation sentence. His 12-month sentence was within the sentencing range recommended by the policy statements and was within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3); § 7B1.4(a). Because the sentence was within the recommended sentencing range, it is entitled to a resumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). As discussed, Valdez-Valdez's mitigation arguments are insufficient to rebut the presumption of reasonableness. *See Rodriguez*, 660 F.3d at 234; *McElwee*, 646 F.3d at 346-47; *Aguirre-Villa*, 460 F.3d at 683. To the extent that Valdez-Valdez disagrees with the revocation sentence or disputes the weight that the district court afforded various sentencing factors, he similarly has failed to rebut the presumption of reasonableness. *See Lopez-Velasquez*, 526 F.3d at 808-09; *Ruiz*, 621 F.3d at 398. Accordingly, the judgment in Case No. 12-51304 is AFFIRMED.